# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 East 42nd Street, Suite 4510          Telephone: (212) 317-1200
New York, New York 10165          Facsimile: (212) 317-1620

January 15, 2019

**VIA ECF**

Hon. Jesse M. Furman
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

         Re:    *Quic Sapon v. Pebo Traviata Pizza Corp. et al.*
                 Case No. 18-cv-07237-JMF

Your Honor:

     This office represents Plaintiff Oseas Quic Sapon ("Plaintiff Quic") in the above-referenced matter. We submit this letter, together with Defendants' counsel, to respectfully request that the Court approve the settlement reached between Plaintiff Sapon and Defendants Pebo Traviata Pizza Corp., Virgilio Rojas Santos, and Blanca E. Perez (the "Defendants," and together with Plaintiff, the "Settling Parties").

     The Settling Parties have agreed to a negotiated Settlement Agreement (the "Agreement") after extensive discussions. The proposed Agreement is attached hereto as **Exhibit A.** We therefore ask the Court to approve the settlement, pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015).

     The Settling Parties represent to the Court that while the Plaintiff Quic believes that the settlement amount is less than what he would be entitled to if he prevailed at trial, the settlement is nevertheless fair, as discussed herein.

**Background**

     Plaintiff Quic was employed by Defendants doing delivery work at a pizzeria owned by Defendants, located at 101 West 68th Street, New York, NY 10023.

     Plaintiff Quic was employed by Defendants from approximately September 2017 until June 18, 2018. From approximately September 2017 until on or about May 2018, Plaintiff Quic alleges he worked approximately 72.5 hours per week, and then 37.5 hours per week from May 2018 until June 2018. Throughout his employment with Defendants, Plaintiff Quic was paid his wages by cash.

     From approximately September 2017 until on or about May 2018, Plaintiff Quic alleges that Defendants paid him a fixed weekly salary of $360 for all of his hours worked three weeks per month, and $420 per week one week per month, and did not pay him his lawful overtime rate

Hon. Jesse M. Furman
January 15, 2019
Page 2 of 5

of pay for his overtime hours worked. From approximately May 16, 2018 until June 18, 2018, Plaintiff Quic was paid $12.00 per hour.

Plaintiff Quic therefore brought this action seeking to recover unpaid minimum wages, overtime wages, spread of hours, liquidated damages, interest, attorneys' fees, and costs, pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq*. ("FLSA"), the New York Minimum Wage Act, N.Y. Lab. Law §§ 650, *et seq*., and overtime wage orders of the New York Commission of Labor codified at N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.6.

Defendants deny Plaintiff's allegations.

After weighing the risks of trial and costs of further litigation, the Settling Parties have reached an agreement at an early stage.

**Settlement**

The Settling Parties have agreed to resolve this action for the total sum of $21,500.00 which will be paid as outlined in **Exhibit A**. Plaintiff Quic alleges he is entitled to back wages of approximately $20,347.50. Plaintiff estimates that had he recovered in full for his claims, he would be entitled to approximately $58,936.95, which represents calculated actual damages, penalties, and interest, but excludes attorneys' fees and costs. The parties have agreed to settle this action for the total sum of $21,500, to be paid over a period of six months. A copy of Plaintiff's damages chart, breaking down each amount sought from Defendants, is attached as "**Exhibit B**."

The full sum of the settlement amount will be paid to Plaintiff Quic's attorneys, who will be solely responsible for distributing the settlement amount to the Plaintiff directly after deductions of counsel fees and costs.

There is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F.Supp.2d 362, 365 (S.D.N.Y. 2013) (*quoting* Crabtree v. Volkert, Inc., 2013 WL 593500, at *3 (S.D.Ala. Feb. 14, 2013)). "In considering whether a settlement is fair and reasonable, the principal question is 'whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Id.* (*quoting* Le v. SITA Info. Networking Computing USA, Inc., 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008)). Courts consider factors including "(1) the Plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." Wolinsky, 900 F.Supp.2d at 225 (*quoting* Medley v. Am. Cancer Soc., No. 10-cv-3214 (BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).

The agreement here is fair to the Plaintiff Quic. Plaintiff has been represented by counsel throughout this lawsuit and has made an informed decision to settle the action prior to trial, without

Hon. Jesse M. Furman
January 15, 2019
Page 3 of 5

incurring the costs or encumbrance of lengthy litigation. The Twenty One Thousand Five Hundred Dollars ($21,500.00) that Plaintiff Quic will be receiving accounts for any alleged unpaid minimum and overtime wages that he could have potentially recovered at trial, as well as attorneys' fees. This recovery is also well over what the Plaintiff Quic would recover if Defendants were to successfully utilize its documentation to prove that Defendants paid Plaintiff in accordance with the law. Furthermore, the Agreement is the product of arm's-length bargaining between experienced counsel and there is no possibility of fraud or collusion.

### Plaintiff Quic's Attorneys' Fees are Fair and Reasonable

Under the settlement, Plaintiff Quic's counsel will receive $7,166.67, reflecting less than double their lodestar amount and less than what is identified in the Plaintiff Quic's retainer agreements, which provides that forty percent of the Plaintiff Quic's recovery will be retained by the firm.

The amount provided to the Plaintiff Quic's counsel under the settlement is fair and reasonable as it is consistent with the range of fees typically awarded in cases in this Circuit. *See* Castaneda v. My Belly's Playlist LLC, No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *see also* Calle v. Elite Specialty Coatings Plus, Inc., 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit"). In light of the nature of the issues herein, and the negotiations necessary to reach the agreed-upon settlement, Plaintiffs' requested award is reasonable. *See* Alleyne v. Time Moving & Storage Inc., 264 F.R.D. at 60; *see also* McDaniel v. Cnty. of Schenectady, 595 F.3d 411, 417 (2d Cir. 2010).

Given Plaintiff Quic's counsel's significant experience representing plaintiffs in New York City in wage and hour litigation, Plaintiff Quic's counsel was able to obtain a favorable pre-trial result due to the Settling Parties' cooperative exchange of information and frequent negotiations.

Attached hereto as **Exhibit C**, are Plaintiff's amended attorneys' time records. A brief biography of each attorney who performed billed work in this matter is as follows:

Mr. Faillace is the Managing Member of Michael Faillace & Associates, P.C, and has been in practice since 1983. From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM). Mr. Faillace taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law. He also is the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.

Paul Hershan is an associate at Michael Faillace & Associates, P.C. He graduated from Fordham University School of Law in 2012. Following law school, he gained extensive trial and appellate litigation experience in the field of criminal law. Paul served as an

Hon. Jesse M. Furman
January 15, 2019
Page 4 of 5

Assistant District Attorney with the Bronx County District Attorney's Office for three years, then practiced primarily in the area of criminal defense before joining Michael Faillace & Associates, P.C. in April of 2018.

The requested attorneys' fees and costs in the parties' settlement are reasonable under the circumstances and Plaintiff Quic has agreed to these fees and costs by agreeing to the settlement amount. As a result, the fees should be approved.

**Conclusion**

Plaintiff Quic has been represented by counsel throughout this lawsuit, and Plaintiff Quic's counsel has agreed to the settlement amount based on the approval of his client. Plaintiff Quic's interests have thus been adequately safeguarded.

In full consideration of the issues presented in *Cheeks,* we believe that the Settling Parties' agreement is fair and reasonable, and that the settlement should be approved. A Stipulation of Final Dismissal will be filed for so-ordering after execution of the agreement and upon receipt of confirmation from the Court that the settlement has been approved.

Thank you for your consideration in this matter.

Respectfully Submitted,

/s/ Michael Faillace
Michael Faillace, Esq.
Michael Faillace & Associates, P.C.
*Attorneys for Plaintiff*

cc:   Frances Ruiz, Esq. (via ECF)
      *Attorney for Defendants*