UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
OSEAS QUIC SAPON, et al.,                                          :
:
                              Plaintiffs,        :                  18-CV-7237 (JMF)
:
             -v-                                                       :                  <u>ORDER</u>
:
PEBO TRAVIATA PIZZA CORP., et al.,                       :
:
                              Defendants.       :
:
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       By letter dated January 3, 2019, the parties in this action, brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, advised the Court that they had agreed to a settlement. *See* Docket No. 36. By Order entered January 4, 2019, the Court directed the parties to submit letters explaining the basis for the proposed settlement and why it should be approved, with reference to the factors set forth in *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012). *See* Docket No. 38.

       The Court, having reviewed the parties' letter, dated January 15, 2019, finds that the settlement is fair and reasonable, given both the nature and scope of the Plaintiff's individual claim as well as the risks and expenses involved in additional litigation. *See Wolinsky*, 900 F. Supp. 2d at 335-36. The settlement approval, however, is subject to the following conditions. First, any modification of the settlement agreement must be approved by the Court, regardless of any provision in the agreement that purports to allow the parties alone to modify it. *See, e.g.*, Docket No. 39-1 ¶ 4. Second, to the extent the settlement agreement allows Plaintiff's counsel to deduct fees and costs from any payment installation, *see id.* ¶ 1, it is hereby modified to allow counsel to deduct no more than a pro rata share of each installment.

       In addition, Plaintiff seeks approval of $7,166.67 in attorney's fees and costs, which is roughly one third of the $21,500.00 proposed settlement. *See* Docket No. 39, at 3. In evaluating an attorneys' fee request, a court must consider: (1) counsel's time and labor; (2) the case's magnitude and complexities; (3) the risk of continued litigation; (4) the quality of representation; (5) the fee's relation to the settlement; and (6) public policy considerations. *See Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 50 (2d Cir. 2000). In addition to considering those factors, commonly referred to as the "*Goldberger* factors," a court may use one of two methods to calculate attorneys' fees: the "lodestar" method or the "percentage of the fund" method. *See, e.g.*, *McDaniel v. Cty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010). Either way, a court should continue to be guided by the *Goldberger* factors when determining what constitutes

"reasonable" attorneys' fees. *See, e.g.*, *Baffa v. Donaldson Lufkin & Jenrette Secs. Corp.*, No. 96-CV-583 (DAB), 2002 WL 1315603, at *1 (S.D.N.Y. June 17, 2002).

After due consideration of the *Goldberger* factors, the Court finds that the proposed attorney's fee award is excessive in light of the time and labor actually expended on this case. The billing records reflect a balance of only $3,916.50 due in this case, even with an hourly rate of $450 for one of the lawyers. *See* Docket No. 39-3. There is nothing in the record to support adding over $2,500 to that bill, even when using the percentage-of-the-fund approach. The case was not particularly complicated and was resolved early. Given this, and the Supreme Court's instruction to "exclude from [the attorneys'] fee calculation hours that were not reasonably expended," including hours that "are excessive, redundant, or otherwise unnecessary," *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (internal quotation marks omitted), the Court finds that the fee request should be reduced to 25% of the proposed settlement. Anything above that would be unreasonable. Accordingly, the Court awards attorney's fees of $5,375.00 and costs of $664.00.

The Court approves the settlement subject to any modification discussed above. The Court dismisses the case with prejudice.

The Clerk of the Court is directed to close this case. All pending motions are moot.

SO ORDERED.

Dated: New York, New York
       January 17, 2019

_____
JESSE M. FURMAN
United States District Judge

2